UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FLAMUR SOKOLI,<br><br>                    Plaintiff,<br><br>v.<br><br>J&M SANITATION, INC.,<br><br>                    Defendant. | Case No. 1:15-cv-00295-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Defendant's motion to stay these proceedings, and two motions to strike filed by Plaintiff. The first motion seeks to strike paragraphs within and submissions attached to Defendant's motion to stay, while Plaintiff's second motion to strike is embedded in his answer to Defendant's counterclaim at Docket No. 13.

MEMORANDUM DECISION AND ORDER  - 1

The Court finds no reason to permit oral argument on the motions, because oral argument would not assist the Court. Dist. Idaho L. Rule 7.1. As explained below, the motions will be denied.

## BACKGROUND

Plaintiff Flamur Sokoli is suing his former employer, J&M Sanitation, Inc., under the Fair Labor Standards Act and the Idaho Wage Claim Act for failure to pay overtime wages. Sokoli alleges he routinely worked more than forty hours each week, and was misclassified as an exempt, salaried employee in an attempt to avoid payment of overtime wages. Sokoli's employment was terminated on or about February 16, 2015.

In response, J&M denies the allegations in the complaint, contending that even if it misclassified Sokoli as a salaried worker, the misclassification was not willful. Further, J&M asserts that sometimes, Sokoli worked less than 40 hours each week, yet he was still paid his salary. J&M therefore asserts a counterclaim under a theory of offset, disgorgement, or unjust enrichment, alleging that if Sokoli should have been paid hourly, any overtime wages owed should be offset by those weeks in which Sokoli worked less than 40 hours.

Sokoli filed an answer to the counterclaim, and embedded within that, was a motion to strike J&M's answer to Sokoli's complaint. (Dkt. 13.)

J&M then filed its motion to stay on August 28, 2015. (Dkt. 5.) J&M argues these proceedings should be stayed because Sokoli filed a discrimination claim with the Idaho Human Rights Commission currently under investigation, arising out of the same

**MEMORANDUM DECISION AND ORDER - 2**

employment relationship. J&M argues res judicata principles apply such that it should not have to litigate two separate claims.

## ANALYSIS

1.     **Plaintiff's Motions to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp. 2d 1101, 1152 (C.D. Cal.2003).

The Court has broad discretion in disposing of motions to strike. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993*) rev'd on other grounds* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The Court construes motions to strike in the light most favorable to the nonmoving party and will deny the motion if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, No. 1:08–cv–463–CWD, 2009 WL 1605127 (D. Idaho June 4, 2009) (quoting *United States v. Articles of Food ... Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975)). *See also*

**MEMORANDUM DECISION AND ORDER  - 3**

*McBurney v. Lowe's Home Centers, LLC*, No. 1:13–cv–00540–ELJ–CWD, 2014 WL 2993087 (D. Idaho July 2, 2014) (denying motion to strike attacking affirmative defenses and qualified denials in the defendant's answers).

In *Lowe's*, the Court commented that "motions to strike are disfavored—not least because they may delay proceedings and consume the valuable time of all involved." There, the Court noted that the issues "raised in the motion [were] largely matters of form that could have been addressed between or among the experienced lawyers representing the parties, without the Court's intervention…." The Court sees no difference here, as explained below.

### A.  *Motion to Strike Affirmative Defenses (Dkt. 13)*

First, it is confusing whether Sokoli intended to strike J&M's pleading due to the myriad withdrawals contained in the docket. J&M filed an answer to Sokoli's complaint and a counterclaim. (Dkt. 4.) Sokoli then filed on September 14, 2015, its "first motion to strike answer and motion to stay," (Dkt. 10), which was later withdrawn on September 15, 2015. (Dkt. 14). However, also on September 15, 2015, Sokoli filed his Answer to Counterclaim and Motion to Strike Defendant's Answer to Complaint, (Dkt. 13). It does not appear the motion embedded within Sokoli's answer to counterclaim was withdrawn.

In the pleading itself, Sokoli moves to "strike Defendant's Answer to complaint," specifically paragraphs 13, and J&M's first, third, seventh – twelfth, and twentieth – twenty-second affirmative defenses. In the "motion," Sokoli argues the facts asserted in J&M's answer and counterclaim are wrong, and cites various legal theories supporting his

**MEMORANDUM DECISION AND ORDER  - 4**

argument, contending that the defenses are a "distraction from the only issue in the case—the amount of wages due Sokoli under the FLSA."

First, Sokoli should review the federal rules and local rules of this District. Dist. Idaho L. Rule 7.1 requires motions to be brought not contained within a pleading, but as a separate motion accompanied by a brief. The motion was improperly embedded within a pleading. *See also* Fed. R. Civ. P. 7(a) (defining pleadings) and 7(b) (applicable to motions).

Second, the reasoning employed by the Court in *Lowe's* is equally applicable here. Sokoli argues the challenged defenses are insufficient because J&M's facts are either wrong or irrelevant to the FLSA claim asserted, and he further argues the legal propriety of asserting certain defenses akin to what the Court would see in a motion for summary judgment filed pursuant to Fed. R. Civ. P. 56. Additionally, Sokoli argues paragraph 13 is improper, because J&M offered an explanation as to why Sokoli's employment relationship was terminated, rather than simply denying or admitting Sokoli's assertion.

The Court explained in *Lowe's* that "an affirmative defense is insufficiently pled if it fails to provide the plaintiff with fair notice of the defense. The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Lowe's*, 2014 WL 2993087 at *2 (internal quotations and citations omitted). Here, the reasons offered by Sokoli for striking the affirmative defenses lack merit. Moreover, the Court declines in this case to strike the allegedly "improper" defenses based upon the legal grounds asserted. At this stage in the litigation, no motion for summary judgment has been brought, and striking the defenses as Sokoli

**MEMORANDUM DECISION AND ORDER - 5**

suggests would be improper. Sokoli still has the burden of proving his prima facie case, and J&M would still be entitled to argue that Sokoli does not state a claim upon which relief may be granted for any number of reasons. J&M is similarly entitled to prove its prima facie case that it is entitled to an offset or other equitable relief if Sokoli prevails on his FLSA misclassification claim.

Lastly, there is no practical utility in striking any of J&M's defenses at this time. Were the Court to do so, as in *Lowe's*, it would first provide J&M the opportunity to amend its answer, and thus potentially invite another disfavored motion to strike. It would further divert the parties' attention from the merits of the case, which should be progressing in discovery so the parties can flesh out the facts and the relevant claims and defenses asserted by both sides. Finally, to the extent Sokoli wishes to test the merits of J&M's claims, as it does in its "motion," Rule 12(f) is not the proper method. Sokoli may bring a motion for summary judgment later in these proceedings, which is the proper vehicle for asserting Sokoli's legal arguments.

The Court will deny the motion to strike. The Court is confident that competent counsel will not be distracted by "insufficient defenses," and may raise disputed issues of fact later in this proceeding upon motions for summary judgment.

### B. *Motion to Strike Portions of Defendant's Motion to Stay*

Sokoli generally complains that portions of J&M's memorandum be stricken because the material is "irrelevant." The specific offending material is J&M's recitation of the reasons it terminated the employment relationship with Sokoli. J&M submitted a copious amount of documentation in support of its motion to stay, all of which concerns

**MEMORANDUM DECISION AND ORDER - 6**

the reasons for Sokoli's termination, and which was allegedly due to misconduct. Sokoli complains the reasons for his termination are irrelevant to his claim for wages under the FLSA, which concerns only whether he was misclassified and entitled to overtime pay for hours worked in excess of forty hours per week. Sokoli complains also about J&M's attachment of a memorandum decision and order from this Court that J&M argued applies to the facts of this case.

First, Sokoli's motion to strike J&M's motion to stay is not permitted pursuant to Rule 12(f). Rule 12(f) allows a motion to strike a pleading, not a motion. A motion is not a pleading. *Utley v. Continental Divide Outfitters*, No. CV 07–364–LMB, 2009 WL 631465 (D. Idaho Mar. 10, 2009).

Second, the proper vehicle would have been an evidentiary objection. *Id.* at *2 (quoting *Natural Resources Defense Council v. Kempthorne*, 539 F.Supp.2d 1155, 1161 (E.D. Cal. 2008) ("[A] motion to strike materials that are not part of the pleadings may be regarded as an invitation by the movant to consider whether [proffered material] may properly be relied upon." (citing *U.S. v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) ("[A] motion to strike has sometimes been used to call courts' attention to questions about the admissibility of proffered material in [ruling on motions].")).

Here, the Court declines to strike the materials, but does find the reasons for Sokoli's termination, as characterized by J&M, irrelevant to the Court's determination of the motion to stay. That is not to say the reasons for Sokoli's termination may not be relevant to the claims and defenses in this case. But the reasons for his termination from employment, and all of the documentation presumably submitted to the IHRC contesting

**MEMORANDUM DECISION AND ORDER  - 7**

Sokoli's claim that he was terminated as a result of discrimination, are utterly irrelevant to whether this matter should be stayed pending the outcome of the IHRC investigation. This observation causes the Court to question why so much server storage space was wasted on introducing the Court in this FLSA action to J&M's proffered reasons for Sokoli's termination, when the only fact relevant to the Court's resolution of the motion to stay is, simply, that the IHRC is still investigating Sokoli's discrimination claim.

Finally, Sokoli's assertion that Exhibit A (Dkt. 5-3) should be stricken causes the Court pause. Exhibit A is a memorandum decision and order issued by Judge Winmill in *Sapien v. Minidoka County*, No. CV09-417-E-BLW. J&M relied upon, and cited *Sapien*, in its memorandum in support of its motion to stay. While it was certainly courteous of J&M to attach the actual memorandum decision, the Court assures both parties that cases cited by the lawyers in their briefs and relied upon to the extent *Sapien* was by J&M will be looked up, thoroughly reviewed, and discussed, as will be more apparent below. Sokoli's assertion that the exhibit should be "stricken" is frivolous.

2. **Defendant's Motion to Stay**

J&M argues this Court and the Court of Appeals for the Ninth Circuit have "conclusively determined that when a plaintiff intends to assert both a wage claim and a discrimination claim, the claims must be brought in the same litigation lest the plaintiff be barred by *res judicata* from pursuing the later claim (in this case, the discrimination claim)." Therefore, J&M, the *Defendant*, is requesting an order staying the proceedings so that J&M "will not be forced to defend two different lawsuits arising out of the same employment relationship with the same former employee." J&M cites *Sapien v. Minidoka*

**MEMORANDUM DECISION AND ORDER  - 8**

*County*, 2010 U.S. Dist. LEXIS 24047, *4, 2010 WL 985762 (D. Idaho Mar. 14, 2010) and *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001).

*Owens* involved the assertion of state law claims against the plaintiffs' employer for breach of contract, fraud, and intentional infliction of emotional distress. The state court complaint alleged also that the employer filled positions with less qualified non-blacks, which conduct was discriminatory. The district court dismissed the action with prejudice. Later, the plaintiffs received their right to sue letters from the EEOC, and filed a pro se action in federal court against their employer alleging their termination from employment was based upon race. After discovery, the defendant was permitted to amend its answer and assert res judicata as an affirmative defense, seeking judgment on the pleadings. The district court dismissed the complaint based upon res judicata.

The Ninth Circuit explained that res judicata, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or that could have been raised in the prior action." *Owens*, 244 F.3d at 713. It applies when there is an identity of claims, a final judgment on the merits, and identity or privity between the parties. *Id.* The plaintiffs in *Owens* argued res judicata did not apply because they had not received their right to sue letters from the EEOC, and were thereby prevented from bringing their Title VII race discrimination claim in the previously filed action. The court explained that Title VII claims were not exempt from the application of res judicata "where *plaintiffs* have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." *Owens*, 244 F.3d at 715 (emphasis added). The court explained plaintiffs could have

**MEMORANDUM DECISION AND ORDER - 9**

sought a stay from the district court while their administrative proceedings were pending before the EEOC, but in light of plaintiffs' failure to do so, the Title VII claims were barred by res judicata due to the judgment in the state court action. *Id.*

In *Sapien*, Judge Winmill was confronted with a plaintiff claiming wages owed pursuant to the FLSA and the Idaho Wage Claim Act who also had filed an administrative complaint with the IHRC under the ADA. The IHRC investigation was pending at the time the plaintiff filed her wage claims. She sought a stay of the wage claim action, arguing had she waited for her right to sue letter on her ADA claim before filing her wage claim action, she risked being time barred pursuant to the applicable statutes of limitation from raising her wage claims. The Court, citing *Owens*, noted that claimants could be barred under the doctrine of res judicata from bringing Title VII claims where the claimants failed to either secure a right to sue letter prior to filing their civil action, or seek a stay from the court pending resolution of the administrative proceedings before the EEOC. *Sapien*, 2010 WL 985762 at *2. "Absent evidence that Defendants will suffer prejudice, and in light of the potential for preclusion of Plaintiff's discrimination claim," the Court found that a stay was appropriate. *Id.*

First, both *Owens* and *Sapien* are distinguishable on their facts. In *Owens*, defendants invoked the affirmative defense of res judicata (claim preclusion) to successfully assert the plaintiffs were barred from bringing a later suit based upon the same facts against the same defendant. In *Sapien*, the plaintiff sought a stay to preserve her claims and prophylactically prevent the application of res judicata, in the event it might apply. Neither factual scenario is present here, as J&M, the defendants, are the

MEMORANDUM DECISION AND ORDER - 10

ones attempting to invoke the stay while Sokoli, the Plaintiff, has indicated through counsel he does not wish to stay these proceedings. Under *Owens* and *Sapien*, it is Sokoli that is at risk for not doing so.

Based upon its review of *Owens* and *Sapien*, the Court is confounded as to why J&M is arguing res judicata applies as a basis to support J&M's motion to stay, as J&M will be the beneficiary of the Court's application of res judicata should Sokoli be barred from amending his complaint to assert his separate discrimination claim or otherwise filing a separate lawsuit against J&M for discrimination. Res judicata (encompassing issue and claim preclusion) is an affirmative defense, ordinarily asserted by a defendant. *Batzel v. Smith*, 372 F.Supp.2d 546, 553 (C.D. Cal. 2005). In other words, it is Sokoli's responsibility to request a stay, not J&M's, and if Sokoli fails to do so, Sokoli may be barred from bringing his discrimination claim later by J&M's assertion of res judicata as an affirmative defense. The Court is at a loss as to why J&M seeks to stay these proceedings.

There is nothing in either *Owens* or *Sapien* to suggest that defendants, as J&M has done here, should seek a stay of proceedings during the pendency of an IHRC investigation that appears to be unrelated to the FLSA claims in this action, or that the threat of defending two separate lawsuits somehow warrants a stay. J&M has not indicated it will suffer unfair prejudice if this matter proceeds, other than the possibility of having to defend two separate lawsuits. In any event, whether Sokoli will pursue an action after receiving the results of the IHRC's investigation and notice of right to sue requires speculation at this point. Further, the Court notes that Fed. R. Civ. P. 18,

**MEMORANDUM DECISION AND ORDER - 11**

allowing joinder of claims, is permissive. ("A party asserting a claim…may join, as independent or alternative claims, as many claims as it has against an opposing party.").The motion will be denied.[1]

### 3.     Rule 11 Motion Alluded to By Plaintiffs

In its combined reply memorandum and opposition to motion to strike, J&M argues entitlement to seek Rule 11 sanctions because Sokoli filed his motion to strike J&M's motion to stay in contravention of Rule 12(f), resulting in an unnecessary increase in the cost of this litigation by requiring J&M to necessarily respond. J&M asserts Sokoli's motion was not brought in good faith, and "reserves its right under Fed. R. Civ. P. 11(c)(2) to seek sanctions for the time spent responding to those motions."

Neither party is without fault here. J&M's motion to stay was contrary to existing authority, almost as if J&M read entirely different case law than this Court read, and failed to appreciate that res judicata is an affirmative defense in a context not presently before the Court. Sokoli's motions to strike were similarly contrary to the rules, and (mostly) devoid of any legal merit.

But for J&M to bandy about Rule 11 so casually is appalling to the Court. There is absolutely no indication J&M followed the provisions of Rule 11(c)(2), the safe harbor provision. A party does not "reserve its right" to file a Rule 11 motion, unless the Rule's provisions are strictly adhered to. Moreover, given the vehement legal wrangling in the

---

[1] As for J&M's other argument, that Plaintiff's motion to strike defendant's motion to stay (Dkt. 18) failed to comply with Dist. Idaho L. Rule 7.1 because Plaintiff failed to file a separate motion and accompanying brief in support, that argument is without merit. Plaintiffs filed their combined motion and response pursuant to this Court's order. (Dkt. 17.)

**MEMORANDUM DECISION AND ORDER - 12**

briefs and pleadings, the Court sincerely doubts the provisions of Rule 11 were followed. Lawyers are not to hurl Rule 11 about like a handful of sand in the sandbox.

## CONCLUSION

If the current round of motions is any hint at the potential for petty litigation tactics and sloppy lawyering in the future, the Court advises against it. The Court expects more from the lawyers that appear in this Court, including a thorough understanding of the legal principles underlying their clients' legal positions, along with the applicable case law and rules, and a review of this Court's prior orders and potentially persuasive authority.[2]

---

[2] *See Strum v. CB Transport, Inc.*, 943 F.Supp.2d 1102 (D. Idaho May 2, 2013); *Garcia v. Western Waste Servs., Inc.*, 969 F.Supp.2d 1252 (D. Idaho 2013); *Wood v. Kinetic Sys., Inc.*, 766 F.Supp.2d 1080 (D. Idaho 2011); *Goody v. Jefferson County*, No. 4:09–CV–437–BLW, 2011 WL 2582323 (D. Idaho June 29, 2011); and *Shoemaker v. United Parcel Serv., Inc.*, No. 1:10–CV–185–EJL–CWD, 2011 WL 836998 (D. Idaho Feb. 10, 2011.) The Court makes no representation that any of the aforementioned cases apply to the facts here. However, given the failure by both sides to understand the claims and defenses they assert, counsel may benefit from reviewing them.

**MEMORANDUM DECISION AND ORDER - 13**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Strike (Dkt. 13) is **DENIED**.

2) Plaintiff's Motion to Strike (Dkt. 18) is **DENIED**.

3) Defendant's Motion to Stay (Dkt. 5) is **DENIED**.

4) All deadlines in the Court's Case Management Order (Dkt. 9) remain applicable.

Dated: **November 27, 2015**

Honorable Candy W. Dale
United States Magistrate Judge